Seryozha AVAGYAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 03–70417.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.[*]

Decided June 29, 2004.

Seryozha Avagyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., David Dauenheimer, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HALL, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Seryozha Avagyan, a native of Iran and citizen of Armenia, petitions pro se for review from the Board of Immigration Appeals' order, summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny the petition.

The IJ made an adverse credibility determination and found that the petitioner omitted the two arrests and detainment that were the crux of his asylum claim from his application. Further, the IJ was dissatisfied with the petitioner's explanation as to why he did not include those arrests initially. Because these omissions went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003).

It follows that petitioner did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

To the extent that petitioner contends he is entitled to relief under the Convention Against Torture, we lack jurisdiction to address it because petitioner failed to exhaust this issue. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

